**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID SINGER                                                                                              PLAINTIFF

v.                                              No. 4:15CV00408 JLH

JIM HARRIS, individually; and
DENNIS MILLIGAN, individually and in his
official capacity as Treasurer of the
State of Arkansas                                                                                    DEFENDANTS

**OPINION AND ORDER**

David Singer has filed a motion in which he requests that the Court enter a preliminary injunction directing the defendants, Jim Harris, individually, and Dennis Milligan, individually and in his official capacity as Treasurer of the State of Arkansas, to provide him with a name-clearing hearing. The parties appeared for a hearing on the motion for preliminary injunction on August 18, 2015. For reasons that will be explained, the motion is denied.

The following facts appear to be undisputed. David Singer was an employee of the Office of the Treasurer of the State of Arkansas. He was terminated from his job on April 27, 2015. On May 28, 2015, Singer commenced a defamation action in the Circuit Court of Pulaski County, Arkansas, against Jim Harris, individually. Harris is the Chief of Staff for the State Treasurer. Singer alleged that Harris defamed him by publishing false statements about his lack of mental health to co-workers, the Treasurer, or the press in Pulaski County. After the complaint was filed, Milligan issued a statement stating that Singer's allegations were untrue and that the actions taken by Harris were done in his official capacity as Chief of Staff. Thereafter, Singer's lawyer requested a name-clearing hearing. Until then, Singer had not requested a name-clearing hearing.

The basic purpose of a preliminary injunction is to preserve the status quo pending litigation on the merits. *H&R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014); *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984).

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

To establish a procedural due process claim against a state employer for deprivation of a protected liberty interest in a public employee's reputation, the plaintiff must demonstrate (1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; (3) the defamatory statement was made public; and (4) the legal status of the plaintiff was altered or extinguished. *Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009). "In addition, he must prove he requested and was denied a name-clearing hearing." *Id*. (citing *Winskowski v. City of Stephen*, 442 F.3d 1107, 1112 (8th Cir. 2006)).

Singer points to two different statements that he says give rise to a right to a name-clearing hearing. The first statement is an email sent by Harris to Jason Brady on April 6, 2015. *See* Document #24 at 10-12. Singer alleges that Harris released the email to the press under a Freedom of Information Act request in May of 2015. It is undisputed, however, that Singer never requested a name-clearing hearing before suing Harris. Consequently, Singer is not entitled to a name-clearing hearing on account of Harris's comments:

> Nothing in our jurisprudence suggests that a government employee can legitimately sue for deprivation of the right to a post-termination hearing where he never asserted the right before suing for damages. Allowing an employee to claim damages for being deprived of a hearing never requested would greatly expand government employers' potential liability and force such employers prophylactically to offer

> name-clearings when it is not at all clear that the employee is entitled to – or even desires – one. It would also reward employees for lying in wait and later asserting a right that the employer had no reason to suspect the employee wanted to exercise in the first place.

*Winskowski*, 442 F.3d at 1111. The other statement on which Singer bases his claim for a name-clearing hearing is the statement by Milligan after Singer had sued Harris. Those comments were made approximately a month after Singer was terminated; they were not made in connection with the termination. Consequently, those statements cannot form a basis for obtaining a name-clearing hearing. *Waddell v. Forney*, 108 F.3d 889, 896 (8th Cir. 1997).

Furthermore, Singer never alleges that any statements by Harris or Milligan altered or extinguished a right apart from his interest in his reputation, which means that he does not allege one of the prerequisites for a due process claim. *Paul v. Davis*, 424 U.S. 693, 711, 96 S. Ct. 1155, 1165, 47 L. Ed. 2d 405 (1976); *Brown v. Simmons*, 478 F.3d 922, 923-24 (8th Cir. 2007). "Injury to a person's reputation alone is not sufficient to trigger the procedural protections of the due process clause." *Id*.

In summary, Singer falls far short of showing a likelihood of success on the merits. Indeed, based upon binding Eighth Circuit precedent, it appears that his claims for name-clearing hearing fail as a matter of law. The likelihood that his claim for a name-clearing hearing fails as a matter of law takes on added significance in light of the purpose of a preliminary injunction, which is, as noted, to maintain the status quo until a decision can be reached on the merits of the case. Entering a preliminary injunction requiring the defendants to provide a name-clearing hearing would, in effect, grant all of the equitable relief that Singer seeks on that issue: it would be a final decision on the merits. Granting such a preliminary injunction when it appears so unlikely that the plaintiff can

prevail on the merits would be an abuse of discretion.  *Cf. McKinney ex rel. N.L.R.B. v. Southern Bakeries, LLC*, 786 F.3d 1119, 1125 (8th Cir. 2015).

For these reasons, David Singer's motion for preliminary injunction is DENIED. Document #4.

IT IS SO ORDERED this 18th day of August, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE